Ray MARSHALL, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Margaret REED d/b/a Reed's Telephone Secretarial Service, Defendant.

Civ. A. No. 76–2872–C.

United States District Court, D. Massachusetts.

Jan. 3, 1979.

Albert H. Ross, James E. Cradock, U. S. Dept. of Labor, Boston, Mass., for plaintiff.

Robert L. Perry, Wareham, Mass., for defendant.

MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by the Secretary of Labor to enjoin defendant from violating Sections 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938 as amended.

Defendant is a resident of Massachusetts and the sole owner and operator of a telephone answering service business which she conducts under the name Reed's Telephone Secretarial Service. The complaint charged that during the time period from March 7, 1974 through July 30, 1976, the date of filing of the complaint, plaintiff willfully and repeatedly violated the Act by employing various employees for work weeks longer than forty hours without compensating those employees for such of their employment as exceeded forty hours in a work week at rates not less than one and one-half times the regular rate at which they were employed. The complaint further charged defendant with failure to pay her employees' wages at a rate at least equal to the applicable minimum wage. A default judgment was entered in the case on January 24, 1977, and a motion for removal of that default, filed on October 6, 1977, was denied on June 13, 1978.

The default judgment, *inter alia*, permanently enjoined defendant from violating the provisions of the Act and specifically provided that defendant should not withhold payment of $2,658.69, representing the minimum wage and overtime compensation found to be due to her employees. The judgment further directed that the defendant should not compensate any employee at rates less than the applicable minimum wage and that defendant should not employ any employee for a work week longer than forty hours unless such employee receives compensation for employment in excess of forty hours at a rate not less than one and one-half times the rate at which that employee is employed. Defendant was also enjoined to make, keep and preserve records of employees' wages, hours and other conditions and practices of employment, as

prescribed by regulations issued under the Act.

Thereafter the Secretary filed a petition for adjudication of civil contempt, and, after a hearing at which defendant Margaret Reed and Alfred Halwix, an investigator for the Department of Labor, testified, the matter was taken under advisement and is presently before the Court on the motion for adjudication of civil contempt.

The record of the instant case shows that defendant is operating a business in interstate commerce; that she has consistently failed to pay her employees either the applicable minimum wage or time and a half for time in excess of forty hours in a given work week; that the default judgment previously entered herein was served at defendant's place of business shortly after the entry thereof. Her testimony indicates that she is well aware of the fact she is in default of the requirements of the Fair Labor Standards Act and that she persists in operating her business in noncompliance with the Act on the basis of claimed economic necessity so to do. In fact, it was stipulated at the hearing on the motion for adjudication of civil contempt that the total amount due respondent's employees for violations of the Fair Labor Standards Act during the period March 4, 1974 to July 27, 1978 is $8,861.07.

It has been ruled by the Court of Appeals for the Eighth Circuit that ". . . since the question was not one of wilfulness or lack of wilfulness . . . the Company's failure to have paid the mandated wages constituted a civil contempt of the injunction decree . . . the financial ability or inability of the employer at the time of the contempt hearing to make payment . . . has nothing to do with the question of the court's duty, in furtherance of the policy involved in the Act, to make an order for payment of the deficiencies in remedial and purging requirement." *Hodgson v. A–1 Ambulance Service, Inc.,* 455 F.2d 372, 374. *See also, Wirtz v. Harry George,* 53 L.C. 31,760 (D.Mass.1966).

Accordingly, I find and rule that defendant Margaret Reed is in civil contempt of

this Court and rule that the contempt may be purged by the payment of $8,861.07 to plaintiff for the benefit of defendant's employees. This contempt may be purged by submission of a schedule of payment by counsel for defendant within fifteen days of this Memorandum.